[No. 32356. Department One. June 8, 1953.]

R. W. MULHAUSEN, *Appellant*, v. NALLEY'S, INC.,
*Respondent.*[1]

*C. P. Borberg* (*Sidney L. Hayes*, of counsel), for appellant.

*Henderson, Carnahan, Thompson & Gordon,* for respondent.

OLSON, J.—Plaintiff, by a written contract, sold to defendant the right to solicit orders for a certain brand of oleomargarine in the state of Washington, for which defendant agreed to pay plaintiff a specified rate for each pound sold by it until a certain maximum sum was paid. After performing the contract for nearly two years, defendant terminated it

[1]Reported in 258 P. (2d) 459.

by notice to plaintiff, under one of its provisions which reads as follows:

"3. The obligation of Nalley under this agreement shall terminate, irrespective of the total sum then paid to Mulhausen by Nalley, upon the happening of any one of the following: . . .

"(b) The cessation for any reason of the solicitation by Nalley in the State of Washington of orders for oleomargarine produced by Swift & Co."

Plaintiff seeks to have provision (b) reformed, upon the ground of mutual mistake, to read as follows:

" 'In the event that Nalley's shall be unable to procure oleomargarine from Swift & Co. prior to the payment to Mulhausen of the said $40,000.00, the liability of Nalley's to Mulhausen for any balance remaining unpaid upon the said $40,000.00 shall cease and terminate.' "

He prays for judgment in the amount of an alleged total unpaid upon the contract as reformed.

The trial court entered findings of fact adverse to plaintiff, and he has appealed from the judgment dismissing his action. His principal assignments of error are directed to the findings entered and refused, and to the dismissal of the cause.

No allegation or proof of fraud or misrepresentation was made by plaintiff.

■ The evidence to sustain an action for reformation of a contract on the ground of mutual mistake must be clear, cogent, and convincing. *Akers v. Sinclair,* 37 Wn. (2d) 693, 703, 226 P. (2d) 225 (1950), and cases cited; *Bergstrom v. Olson,* 39 Wn. (2d) 536, 543, 236 P. (2d) 1052 (1951). We agree with the trial court that plaintiff did not produce such evidence, and find no error in its factual or legal conclusions.

■ But this appeal can be disposed of upon a further ground, without relating the facts of the controversy in detail. The contract does not contain any unconditional agreement by defendant to pay plaintiff a certain purchase price, or to sell or to use its best efforts to sell oleomargarine in any quantity, or to sell Swift's brand exclusively. Also, plaintiff's right to purchase the Swift & Co. product (which he sold to

defendant) rested upon an oral contract with Swift & Co. which the latter could cancel upon a thirty-day notice. There was no allegation or proof that there could or would not be such a cancellation, or that plaintiff's rights to further payments from defendant might not be terminated by this contingency.

We cannot rewrite the contract. Defendant correctly asserts that, if the contract is reformed as plaintiff has prayed, there can be no recovery in this action. Neither the liability of defendant nor a proper basis upon which to compute the amount of any judgment in plaintiff's favor has been established.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.